# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michelle Stewart | : | |
| 207 Cupola Road | : | |
| Honey Brook, PA 19344 | : | TRIAL BY JURY DEMAND |
| | : | |
| Plaintiff. | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| Lancaster County | : | |
| 150 N. Queen Street | : | |
| Lancaster, PA 17603 | : | |
| | : | |
| & | : | |
| | : | |
| Mary Anater, Clerk of Court | : | |
| 150 N. Queen Street | : | |
| Lancaster, PA 17603 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff by and through his attorney Brian J. Zeiger, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times relevant hereto Plaintiff Michelle Stewart is an adult resident of Chester County, Pennsylvania, who lives at 207 Cuploa Road, Honey Brook, PA 19344.

4. Defendant Lancaster County, is located at 150 N. Queen Street, Lancaster, PA 17603.

5. Defendant Mary Anater, was the Clerk of Courts of Lancaster County on the date giving rise to the instant action, and is being sued in her official capacity only.

6. At all times material hereto, the individual defendant acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Lancaster County, PA.

## FACTUAL BACKGROUND

7. Many years ago, Plaintiff witnessed an arson in Lancaster County, Pennsylvania.

8. Plaintiff made an identification of the arsonist to law enforcement.

9. Unrelated to the abovementioned arson, Plaintiff was the victim of severe domestic abuse.

10. Based upon information and belief, Plaintiff was living with her abuser at the time of the arson.

11. Based upon information and belief, Plaintiff's abuser was also an eyewitness to the arson.

12. At some point in time after the arson, Plaintiff moved to a battered woman's shelter to escape her abuser.

13. At the time of the arson trial in the Court of Common Pleas of Lancaster County, approximately October 2022, Plaintiff was living at the battered woman's shelter to hide from her abuser.

14. Plaintiff did not appear at trial because she did not want to see her abuser at the courthouse or

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

allow her abuser to follow her back to the batter woman's shelter.

15. Based upon information and belief, the Assistant District Attorney asked for a bench warrant for the Plaintiff.

16. The next day, Plaintiff was in contact with the police officers handling the arson trial and agreed to testify voluntarily if the officers transported her to and from the courthouse.

17. Plaintiff arrived at the Lancaster County courthouse and the bench warrant was withdrawn.

18. However, due to defective customs, policies, supervision and training of court staff and the Clerk of Courts' staff, by Defendant Mary Anater and Lancaster County, the Clerk of Courts of Lancaster County, the bench warrant erroneously remained.

19. On or about July 17, 2023, Plaintiff was stopped by police in Chester County for a routine traffic stop.

20. Plaintiff has no prior criminal record.

21. The Chester County police officer saw the erroneous warrant from Lancaster County on their computer system.

22. Plaintiff told the officers the warrant was erroneous, but they arrested her nonetheless.

23. Plaintiff remained in Chester County prison for six days.

24. She was then transported to Lancaster County.

25. The next day, Plaintiff appeared before a Common Pleas Court judge, where the bench warrant was vacated and she was immediately released from custody.

26. The docket for the erroneous bench warrant was CP-36-MD-001141-2022.

27. Plaintiff was in custody for approximately seven days due to the defective warrant.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

28. Plaintiff has four young children, who were split up while she was in custody.

29. Plaintiff was terrified for the well-being of her children while in custody.

30. Lancaster County and Defendant Anater failed to properly train, supervise, and maintain effective policies and customs, related to bench warrants and the withdrawal of bench warrants in the court's computer system.

31. Lancaster County and Defendant Anater have a distinguished history of mismanagement:

    a. PennDot was not notified of over 140 DUI suspensions due to deficiencies by Lancaster County and Defendant Anater, which allowed citizens to continue to drive in the Commonwealth of Pennsylvania, when their licenses' should have been suspended.

        i. In October 2022, Lancaster County District Attorney Heather Adams said her office found 24 cases where a defendant was supposed to receive a license suspension, but the Clerk of Courts office failed to notify PennDOT. That notification prompts a letter from the state agency to residents informing them of the date their license will be suspended.

        ii. Since the time Adams' office learned of the deficiencies within the clerk of Court's, she has learned of 142 cases in which the Clerk of Courts failed to notify PennDOT in the 10-day window given to them by Pennsylvania law. Of those 142, the Lancaster County Clerk of Courts office notified PennDOT of 40 such cases on Oct. 10, 2022, just days

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

after Adam's went public with her concerns of license suspensions falling through the cracks.

    iii.    Later in October 2022, DA Adams accused Defendant Anater of failing to communicate her efforts to get to the bottom of the problem. "Despite having requested a list of all dockets corrected for 2022, nothing has been provided," Adams wrote in an email. "Rather, the Clerk of Courts has insisted, even most recently, that the only cases missed were the 22 cases my office has found. That is simply not the case."

b.  In *HC v. Chudzik, et al.*, 5:22-cv-01588-JFL, a class action, Defendant Lancaster County is alleged to have ignored pretrial bail procedures under Pennsylvania law when bail is set by the Magisterial District Judges ("MDJ). Plaintiffs challenged Defendant Lancaster County MDJs' policy and practice of routinely and arbitrarily imposing cash bail on individuals who appear at preliminary arraignments without: (1) giving them notice and a meaningful opportunity to be heard; (2) appointing counsel to those who cannot afford to hire an attorney; and (3) making all required individualized findings regarding danger to the community, risk of flight, ability to pay, and whether less restrictive conditions would reasonably ensure their appearance.

**COUNT I:**
**SUPERVISOR LIABILITY – FOURTH, EIGHTH, and FOURTEENTH AMENDMENT–**
**PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANT ANATER**

5

32. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

33. Defendant Anater was the Clerk of Courts of Lancaster County at the time of the above incident.

34. Defendant Anater was responsible for maintaining, training, and supervising Orders in criminal court in Lancaster County, including but not limited to the proper docketing of bench warrants.

35. Further, Defendant Anater was responsible to maintain a system within the Clerk of Court's officer to ensure that once bench warrants were lifted, the warrant was removed from the statewide bench warrant a system to prevent citizens, like Plaintiff, from being erroneously taken into custody.

36. Defendant was deliberately indifferent to maintaining a proper bench warrant system in Lancaster County.

37. Defendant did not properly train staff in the Clerk of Court's office to learn how to properly maintain a bench warrant system.

38. Defendant did not properly train and supervise in court staff to properly log, docket and register bench warrants.

39. Defendant was aware of a substantial risk that citizens would be incarcerated by erroneous bench warrants, but did nothing to fix the problem.

40. As a result of the failures of the Defendant, an erroneous bench warrant was entered again Plaintiff.

41. Defendant was deliberately indifferent to the individual freedom of Plaintiff.

42. Defendant Anater's complete and utter disregard for Plaintiff's freedom, was the direct and

6

proximate cause of Plaintiff being incarcerated for seven days.

43. As a direct and proximate result of the Defendant's deliberate indifference, the Plaintiff suffered, humiliation, and fear, for herself and her children. Moreover, the Plaintiff's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

44. Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which she has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest, attorneys fees, and allowable costs of suit and brings this action to recover same.

## COUNT II:
## MUNICIPAL LIABILITY
## FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFF V. LANCASTER COUNTY

45. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

46. Defendant Lancaster County was responsible for maintain, training, and supervising Orders in criminal court in Lancaster County, including but not limited to the proper docketing of bench warrants.

47. Further, Defendant Lancaster County was responsible for maintaining a system within the Clerk of Court's officer to ensure that once bench warrants were lifted, the warrant was removed from the statewide bench warrant a system to prevent citizens, like Plaintiff, from being erroneously taken into custody.

48. Defendant Lancaster County was deliberately indifferent to maintaining a proper bench warrant

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

system in Lancaster County.

49. Defendant Lancaster County did not properly train and supervise staff in the Clerk of Court's office to learn how to properly maintain a bench warrant system.

50. Defendant Lancaster County did not properly train and supervise in court staff to properly log, docket and register bench warrants.

51. Defendant Lancaster County was aware of a substantial risk that citizens would be incarcerated by erroneous bench warrants, but did nothing to fix the problem.

52. As a result of the failures of the Defendant Lancaster County, an erroneous bench warrant was entered again Plaintiff.

53. Defendant Lancaster County was deliberately indifferent to the individual freedom of Plaintiff.

54. Further, Defendant Lancaster County has a custom—a *de facto* policy—of failing to properly train and supervise court staff regarding bench warrants, failing to train and supervise staff in the Clerk of Court's Office regarding bench warrants, and failing to ensure bench warrants were properly maintained in Lancaster County feeding into the state bench warrant system to ensure citizen were not erroneously taken into custody by law enforcement.

55. Defendant Lancaster County has previously mismanaged the application ministerial tasks under Pennsylvania law in complete disrespect of the rights, freedoms, and safety of individual from the Commonwealth of Pennsylvania: 1. Not reporting DUI suspensions to PennDot; and 2. Not properly training and supervise Magisterial Judges regarding pre-trial bail. *See supra*.

56. Defendant Lancaster County's complete and utter disregard for Plaintiff's freedom, was the direct and proximate cause of Plaintiff being incarcerated for seven days.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

57. As a direct and proximate result of the Defendant Lancaster County's deliberate indifference, the Plaintiff suffered, humiliation, and fear, for herself and her children. Moreover, the Plaintiff's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

58. Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which she has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each of the Defendants.

Respectfully submitted,

/s Brian J. Zeiger
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340